## SMITH v. SOUTHERN RY.

(Circuit Court, N. D. Georgia. June 17, 1896.)

NEGLIGENCE—QUESTION FOR JURY.

In an action to recover damages for personal injuries, it appeared that the plaintiff, the foreman of a squad of track hands on a railroad, was taking two hand cars, one of which was out of repair, from one station to another. The disabled car was in the rear, and ran up very close to the other, when one of the men, who was sitting on the forward car, raised his foot and kicked the rear car back. Immediately afterwards the forward car ran off the track, injuring the plaintiff, who was riding on it. There was evidence tending to show both that the kick did, and that it did not, cause the derailment. *Held*, that this question, as well as the questions whether the kick was such an act of negligence as to render the railroad company liable, and whether plaintiff was guilty of contributory negligence in running the disabled car too near the other, was properly left to the jury.

Burton Smith, for plaintiff.

Dorsey, Brewster & Howell, for defendant.

NEWMAN, District Judge. Smith was the foreman of a squad of track hands carrying two hand cars from one station to another. One of the hand cars was disabled and unfit for use. The disabled car was in the rear, and they were running along at a short distance from each other. He had hands on each car, propelling them and riding on them. The rear car ran up very close to the front car, when one of the hands, who was sitting on the rear of the first car, with his legs hanging over the car, stretched out his right leg so that the rear car ran against his foot, and he gave it a push to keep it off of the front car. Immediately afterwards the front car jumped the track, and Smith, the foreman of the squad, and the plaintiff here, was thrown from the car and injured. The plaintiff brought suit for damages, and there was a verdict for the defendant. He now moves for a new trial, on the ground that the verdict was erroneous. The plaintiff's case was based, both by the pleadings and the evidence, and by the general direction given to the case, on the ground that the kicking of the rear car threw the front car from the track, and that this was negligence. It is true that in the pleadings the near approach of the rear car to the front car was claimed to be a distinct ground of negligence, but under the evidence it was clear that, if the kick was the cause of the derailment, it was the immediate and proximate cause, and that while, necessarily, the near approach of the rear car enabled the man to give it the kick, still the kick, under the plaintiff's view of the case, must have been relied on as the distinct cause of the accident. What would have occurred if the hand who was sitting on the rear of the front car had simply thrown up his legs and allowed the two cars to strike, would be mere speculation. It was contended by the defendant that the kick did not cause the derailment, and there was considerable evidence pro and con upon this subject. It is also claimed that the kick to the rear car was not an act of negligence, but that it was a natural and proper thing

to do.    When it resulted, unfortunately it was unforeseen and not to be expected, and consequently not such a want of ordinary care upon the part of a fellow servant as would render the company liable. It is also said, for the defendant, that the plaintiff himself was not free from fault, as he must be, by the statute of Georgia, in order to recover for the negligence of a fellow servant.    It is contended that his running the two cars so close together, and one of them a disabled car, which could not be readily controlled, was a negligent act, and that this negligence on his part really brought about the condition of things which resulted in the accident.

My conclusions are:

1. That there was sufficient evidence to justify the jury in finding that the kicking of the rear car was not sufficient to account for the derailment of the front car; that there must have been some other and unknown reason for it.    This point was contested, and there was evidence both ways.

2. That the jury was justified in finding for the defendant as to its contention that the act of the hand who gave the rear car the kick was not such an act of negligence as would render the defendant company liable.    This issue was distinctly made in the case, and was submitted by the court to the jury.

3. There was abundant evidence to justify the jury in concluding that the foreman—the injured person—himself put in motion the chain of events which culminated in the accident to himself, and that the manner in which he was moving these hand cars at the time of the accident was negligence.    This was also an issue in the case as to which there was evidence, and which was submitted by the court to the jury.

Certain requests to charge made by the plaintiff were not given by the court, and this is claimed, on motion for new trial, to have been error.    An examination of the requests to charge, and the charge as given, shows that the case was fairly submitted to the jury on all points involved, and that this ground of the motion is without merit.    The verdict being supported by the evidence, and there being no such error in the instructions given to the jury as would justify a new trial, the motion is overruled.